**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-6963

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN GLASGOW, a/k/a Buju,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:15-cr-00222-LO-1; 1:19-cv-00082-LO)

_____

Submitted:  June 15, 2023                            Decided:  June 20, 2023

_____

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Alvin Glasgow, Appellant Pro Se.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Glasgow seeks to appeal the district court's order denying relief on his amended 28 U.S.C. § 2255 motion. Glasgow also appeals from the same order granting his counseled motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and denying his remaining motions. We affirm in part and dismiss in part.

Turning first to Glasgow's appeal of the denial of relief on his amended § 2255 motion, that portion of the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Glasgow has not made the requisite showing. We therefore deny Glasgow's motion for a certificate of appealability and dismiss that portion of the appeal.

Next, Glasgow also challenges the district court's grant of his counseled 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. "[W]e review both grants and denials of compassionate release pursuant to an abuse of discretion standard." *United States v.*

2

*Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022).   However, "the invited error doctrine recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Hasson*, 26 F.4th 610, 621 n.4 (4th Cir.) (cleaned up), *cert. denied*, 143 S. Ct. 310 (2022).  Because the district court granted Glasgow's exact requested relief of a sentence reduction, the invited error doctrine applies and he has thus waived the argument he seeks to advance on appeal.  *See United States v. Shea*, 989 F.3d 271, 282 (4th Cir. 2021).

We therefore affirm the portion of the district court's order granting the counseled 18 U.S.C. § 3582(c)(1)(A) motion, deny Glasgow's motions to appoint counsel and for a certificate of appealability, and dismiss the appeal of the portion of the district court's order denying relief on the amended 28 U.S.C. § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*